26706. COBB COUNTY PLAZA, INC. et al. v.
JOHNNY WALKER, INC.

ALMAND, Chief Justice. This appeal by Cobb County Plaza, Inc., is from an order granting an interlocutory injunction.

Johnny Walker, Inc., filed its complaint against Cobb County Plaza, Inc., and Bottom Half, Inc., wherein it alleged that Cobb County Plaza, in January 1963, leased to it space for a retail men's haberdashery in the Cobb County Plaza Shopping Center; that the lease agreement contained this provision: *"Article Forty-three:* So long as this lease agreement is in full force and effect, and tenant hereunder shall not be in default of the within lease agreement, and is conducting its business on the demised premises according to said lease, landlord agrees that it will lease no other portion of the buildings, as shown on

Schedule 'A' hereof, to a tenant whose principal business shall be that of the primary sale of men's haberdashery . . ."; that Cobb County Plaza has entered into a lease with Bottom Half, Inc., to occupy space in Cobb County Plaza Shopping Center; and, that Bottom Half intends to open a retail operation in competition with complainant, all in violation of Article 43 of lease above.

The prayers of the complaint were that "defendants be temporarily and permanently enjoined from opening any business offering merchandise for sale to the public in violation of plaintiff's lease."

The court, on presentation, granted an ex parte restraining order as follows: "Defendants are hereby restrained and enjoined from opening a retail outlet in Cobb County Plaza Shopping Center where the principal business of such retail outlet shall be, primarily the sale of men's haberdashery. Defendants are further restrained and enjoined from displaying merchandise or services similar to those sold by plaintiff, if the displaying of such merchandise and services constitutes a principal business of defendants."

After a hearing, the court granted the following order: "That the temporary restraining order heretofore granted be continued and that both defendants are restrained and enjoined from opening any business offering merchandise for sale to the public in Cobb County Shopping Center in violation of paragraph 43 of plaintiff's lease with defendant, Cobb County Plaza, Inc.

"It is the finding of this court, after hearing evidence, that the merchandise offered for sale by defendant, Bottom Half, Inc., would constitute a violation of paragraph 43 of plaintiff's lease with defendant, Cobb County Plaza, Inc."

Notice of appeal was filed by both defendants but subsequently Bottom Half, Inc., withdrew its appeal.

The sole appeal and enumeration of error before the court is that of Cobb County Plaza, Inc. *Held:*

"An injunction decree should conform to and be supported

by the pleadings, proof, and findings, and should conform to the requirements of the particular case, so as not to go beyond such requirements or be broader or more extensive than the case warrants." 42 AmJur2d 1097, § 297.

It appears from the evidence adduced on the hearing that the lease from Cobb County Plaza to Bottom Half, Inc., was executed prior to the filing of the complaint. All of the evidence as to the nature and kind of retail business that Bottom Half is operating, pertains solely to Bottom Half. There is no evidence in the record that Cobb County Plaza is engaged in operating any business in competition with Johnny Walker, Inc., or has any interest in the retail business of Bottom Half, Inc.

There being no evidence to support the terms of the injunction order as against Cobb County Plaza, it must be and is

*Reversed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1971—DECIDED OCTOBER 7, 1971— REHEARING DENIED OCTOBER 21, 1971.

*Arnall, Golden & Gregory, H. Fred Gober, Ingram, Flournoy & Downey, Conley Ingram,* for appellant.
*Crowe & Martin, Arthur L. Crowe, Jr.,* for appellee.